never surrender so long as he remains in the public position he occupies, to exercise his own judgment in the discharge of duties submitted by law to his discretion, uncontrolled by any other tribunal in the country not expressly authorized by statute to control or overrule him."

The defendant Major Trumbull, through his counsel, in his answer, denied the allegations of the bill, and stated that there is no part in said bridge in which said draw could be placed to which objections equally strong with those already urged could not be made.

The counsel for the complainants in closing the argument on the bill, answers and exhibits, said that neither the United States, the secretary of war, nor Mr. Trumbull has any interest directly or indirectly in the position of the draw, whilst the very existence of Georgetown, as a port of entry, depends on the free and uninterrupted navigation of the river. The original act of congress, and all other acts, never repealed the vested rights of Georgetown. If any discretion had been reposed in the secretary, it is neither judicial in its character nor executive. The legislature had framed a law which requires agents to execute it; such agents, therefore, are the agents of the legislature, to perform its functions. The parties are the mere agents of the law. If the corporation of Georgetown are proved to be incapable of forming a correct judgment, why then the matter is at an end.

Clement Cox and R. S. Coxe, for corporation of Georgetown.

Joseph H. Bradley, for defendant Trumbull.

P. R. Fendall, Dist. Atty., for secretary of war.

GEORGETOWN (PRITCHARD v.). See Case No. 11,437.

## Case No. 5,347.

### GEORGETOWN v. SMITH.

[4 Cranch, C. C. 91.] [1]

Circuit Court, District of Columbia. May Term, 1830.

MUNICIPAL CORPORATIONS — CHARTER AND BY-LAWS—SETTLEMENT OF TAXES BY NOTE—LIEN—JUDGMENTS — RIGHTS ACQUIRED AT EXECUTION SALE.

1. A person residing, or having real estate, in Georgetown, is bound to take notice of the charter and by-laws. A person, indeb'ed for taxes on real estate in Georgetown, and availing himself of the benefit of the ordinance of June 15, 1822, by giving his notes therefor, creates an equitable lien on the real estate, of which a purchaser is bound to take notice, and is liable to pay the taxes with interest in the manner as the vendor was bound.

[Cited in brief in Georgetown v. Bank of U. S., Case No. 5,343.]

2. A purchaser, at a sale under judgment and execution, takes only the right of the debtor at the time of the judgment. A judgment at law does not overreach a prior equity of a third person, bona fide acquired for valuable consideration.

This case was submitted by the parties to CRANCH, Chief Judge. (THRUSTON, Circuit Judge, absent, and MORSELL, Circuit Judge, being an inhabitant of, and owning real estate in, Georgetown, declined giving an opinion.)

CRANCH, Chief Judge. John Threlkeld being indebted to the corporation of Georgetown for taxes due on real estate in that town for the years 1816, 1817, 1818, and 1819, gave his promissory notes for the amount thereof, to the corporation, at six, twelve, and eighteen months from the 15th of September, 1822, in the following form: "Georgetown, September 16, 1822. I assent to the provisions of the ordinance providing for the settlement of all arrears of taxes due prior to the year 1820, passed the 15th day of June, 1822; and, six months after date hereof, I promise to pay to the mayor, recorder, aldermen, and common council of the corporation of Georgetown, or their order, one hundred and fifty-two dollars and thirty-one cents, with legal interest thereon from this date, being one third of the amount of

1 [Reported by Hon. William Cranch, Chief Judge.]

taxes due by me on real and personal property for the years 1816, 1817, 1818, and 1819. John Threlkeld." Two similar notes were given for the like amount, payable in twelve and eighteen months.

By the ordinance of the 15th of June, 1822, the late collector is "authorized to receive from any persons, in arrears for taxes due the corporation, to the year 1820, the amount of such arrears in promissory notes, payable in six, twelve, and eighteen months, bearing interest at the rate of six per cent. per annum, which are hereby understood and declared to be secured by the property which is now bound for the payment of the taxes." The collector is also required to pay over to the clerk of the corporation, monthly, all such notes as may be by him received for the taxes aforesaid, in lieu of money. And it is further ordained that where persons do not avail themselves of the indulgence, thereby allowed, by passing their notes to the collector within three months from the date of the ordinance, he be directed to collect the taxes due, by sale of the property, first giving the usual notice. Mr. Threlkeld remained owner in fee of the property till the year 1828, when it was sold under an execution against him at the suit of Clement Smith, the defendant in this cause, who became the purchaser thereof, and received a deed from the marshal. The notes given by Mr. Threlkeld remain unpaid. In 1824, (May 26th,) the charter of Georgetown was amended by the "Act supplementary to the act to incorporate the inhabitants of the city of Washington, passed the 15th of May, 1820, and for other purposes" (4 Stat. 75); the seventh section of which provides for the notice, to be given, of the sales of real property in Georgetown, chargeable with taxes. The eighth section authorizes the sale of the real property where the owner or tenant has not sufficient personal estate out of which to enforce the collection of the debt due; and where he has personal property, it may be distrained and sold to pay the taxes. The tenth section provides, "that where any person without notice of the outstanding taxes, has made a bona fide purchase from the legal owner of any real estate, previous to the 15th of May, 1824, the said real estate so acquired, shall not be liable for taxes due and owing previous to said purchase." The liability of Mr. Smith to pay the taxes charged, is admitted, but he denies his liability for the interest; and this question is submitted.

It is contended on the part of Mr. Smith, that the property is not liable for interest on the taxes, unless it is made so by the agreement of Mr. Threlkeld and the ordinance of June 15, 1822; that such an agreement could only have created an equitable lien, which could only have been enforced against the property in the hands of Mr. Threlkeld, or in the hands of a purchaser with notice; that it cannot be enforced in the hands of Mr. Smith, because he is a bona fide purchaser of the legal estate, for a valuable consideration, without notice of such equitable lien.

On the part of the corporation it was contended, that Mr. Smith is a purchaser with notice and therefore bound to pay the interest; that the taxes were a legal incumbrance on the property, and that he was bound to take notice of them at his peril; that in order to ascertain the amount of the taxes, he must necessarily apply, for information, to the clerk of the corporation who keeps the tax-books, and the notes given for taxes, and who would have informed him of the notes given by Mr. Threlkeld, and of his agreement to the terms of the ordinance of the 15th of June, 1822, which declares that the notes were to be secured by the property then bound for the payment of the taxes; that it was, therefore, immaterial whether or not Mr. Smith had actual notice of the notes and agreement; for he was bound to take notice of that which would have led him to a knowledge of them; and, therefore, cannot protect himself under the plea that he was a purchaser without notice. It is also contended, that Mr. Smith, being a purchaser at the marshal's sale under a judgment and execution, acquired only the right of Mr. Threlkeld, whose right was subject to the lien for the payment of the notes; that although he took the legal estate, he took it subject to all the liens, equitable as well as legal, charged upon it by Mr. Threlkeld. And in support of this position, the case of Hampson v. Edelen, 2 Har. & J. 66, was cited, where the court of appeals of Maryland, upon a bill in equity filed by the vendee, affirmed the decree of the chancellor for a perpetual injunction, prohibiting a creditor of the vendor and the sheriff from selling the estate under a fi. fa. issued upon a judgment obtained against the vendor, after the sale and payment of part of the purchase-money, and after possession given to the vendee, but before the payment of the balance, which, however, was paid by the vendee, and a deed of conveyance from the vendor to the vendee, was duly executed and delivered, before the issuing of the fieri facias. In that case the court of appeals of Maryland did not go upon the ground of notice, but upon the ground that the creditor did not, by the judgment, acquire a legal estate in the land; and that a judgment obtained by a third person against the vendor, between the contract and the payment of the money, cannot defeat or impair the equitable interest acquired by the vendee, who, from the time of the contract, is a cestui que trust. Therefore it is contended that, either on the ground that Mr. Smith is a purchaser with notice of the equitable lien of the corporation, or on the ground that a judgment at law will not overreach a prior equity of a third person, bona fide acquired, for a valuable consideration, the corporation has a prior equitable lien which a court of equity will protect and enforce.

It seems to me that the right of the corpora-

tion is strong upon both grounds. Mr. Smith, whether he actually resided within the town or not, was bound to notice all the ordinances of the corporation affecting his real estate within the town. He was bound to know that the property was liable for taxes not paid. Upon the purchase of the real estate in question, he was, at his peril, to ascertain what taxes were due upon it. Upon inquiry at the proper office for that information, he would be informed that Mr. Threlkeld had accepted the terms offered by the ordinance of June 15, 1822, (of which also he was bound to take notice,) that he had given his notes agreeably to those terms, and that he had thereby bound the property as security for the payment of them. Mr. Smith is presumed to have done what every prudent man would do in a like case; and if he did not do it, he must abide the consequences. His knowledge that the property was liable for the taxes, unless they had been paid, was sufficient to put him upon the inquiry which, if properly pursued, would have led him to the knowledge of the equitable lien created by Mr. Threlkeld for the payment of the interest. I think, therefore, that he cannot be considered as a purchaser of the legal estate without notice. But if that view of the subject is not correct, it seems to me that the case comes within the principle decided by the court of appeals of Maryland, in the case of Hampson v. Edelen, 2 Har. & J. 66. The principle of that case, as I understand it, is this: That a judgment at law, against a debtor, binds only the interest of the debtor in the lands. That by a contract of sale, for valuable consideration, the vendee is in equity the owner of the land, from the time of the contract, although the money be not paid at the time, and the vendor becomes a trustee for the vendee. That when the money is paid, the vendee is entitled to a conveyance and to a decree for specific performance of the contract, if such conveyance is refused. That a judgment at law by a third person, against a mere trustee without interest, does not bind the trust estate so as to enable the creditor to make his debt out of it by execution. Or, in other words, that a court of equity will always protect a fair equitable prior title, against a judgment at law against a person who holds the mere legal estate.

It is not material whether the equitable interest to be protected extends to the whole of the subject, or not; so far as it extends it is entitled to protection. The date of the judgment under which this property was sold is not stated in the case agreed; but as all the notes had become payable in December, 1823, and the property was not sold under the execution until 1828, I infer that the judgment was rendered after all the notes had become payable, and the corporation had a right to enforce their lien by a sale of the property under a decree of a court of equity. Here, then, was a clear, vested, equitable in-

terest which, according to the case of Hampson v. Edelen [supra], cannot be defeated or impaired by the judgment. In that case, indeed, it may be said that there was no actual sale; it was prevented by the injunction. But in the present case, Mr. Smith, the purchaser, was the creditor at whose suit the judgment was rendered, under which the sale was made; and if it would have been inequitable in him to proceed to sell under the judgment, it must be, at least, as inequitable in him to purchase under the judgment. And as, according to the principle of the case of Hampson v. Edelen, he ought to have been restrained from selling, so, upon the same principle, he ought to be prohibited from availing himself of his purchase to the prejudice of the corporation. I am, therefore, of opinion, upon both the grounds relied upon by the counsel of the corporation, that it is entitled to avail itself of its lien upon the property, by a decree in equity; and that, therefore, Mr. Smith, as purchaser of the property, is liable for the interest due upon that part of Mr. Threlkeld's notes which consists of the taxes upon the property purchased by Mr. Smith; which interest, according to the account stated (marked A.) amounted on the 1st of August, 1830, to $73.94.